[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12856
Non-Argument Calendar
_____

D. C. Docket No. 04-00563-CR-T-23MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GREGORIO TAPIAS-VERA,
a.k.a. Jose Gregorio,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 14, 2006)**

Before CARNES, BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Jose Gregorio Tapias-Vera appeals his 135-month sentence for possession

with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g), & (j); and 21 U.S.C. § 960(b)(1)(B)(ii). Tapias-Vera argues that in refusing to grant a variance from the guidelines, the district court imposed an unreasonable sentence.

We have jurisdiction. See United States v. Martinez, No. 05-12706, slip op. at 999-1000 (11th Cir. Jan. 9, 2006). We have stated that the district court must first correctly calculate the defendant's guideline range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). The § 3553(a) factors include the available sentences, the applicable guideline range and policy statements, the nature and circumstances of the offense, and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed

correctional treatment. 18 U.S.C. § 3553(a). "[N]othing n Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id. A sentence within the advisory guidelines range is not per se reasonable, but is expected to be reasonable. See id. ("when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."). We have held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient to indicate that it considered the factors, and concluded that the defendant's sentence was reasonable because the district court accurately calculated the guideline range and the defendant's sentence at the low end of the range reflected the court's consideration of his evidence in mitigation.

After reviewing the record and both parties' briefs, we find no reversible error. The district court considered the § 3553(a) factors, accurately calculated the guideline range, explicitly considered the evidence of Tapias-Vera's family and

3

poverty, and sentenced Tapias-Vera at the low end of the guidelines range, concluding that Tapias-Vera was not in a unique position that made a guidelines sentence inappropriate. We cannot say that the sentence imposed was unreasonable.

**AFFIRMED.**